■ MERIT OIL HEATING CORP., Appellant, v. BOKAL REALTY CORP., Respondent.— In an action to recover for goods sold and delivered and for services rendered and materials furnished by plaintiff to defendant, the plaintiff appeals from an order of the Supreme Court, Westchester County, dated April 22, 1963, which granted defendant's motion, pursuant to section 228 of the former Civil Practice Act, to vacate a judgment of said court entered April 12, 1962 against it upon default. Order reversed, with costs to abide the event of the remission (here directed) and the determination thereon; judgment reinstated; and motion remitted to the Special Term for the purpose of: (a) holding a hearing with respect to the scope of authority of the person who was served with the process herein; and (b) making a determination de novo on the basis of all the proof adduced including the affidavits. Pending such hearing and determination, the judgment shall stand as a lien and as security, but plaintiff is stayed from proceeding thereon. In our opinion, the conflicting affidavits submitted to the Special Term and upon which it based its opinion, failed to establish one way or another the status of the person who was served with process as the alleged managing agent of the defendant corporation, and the nature and the extent of his "responsible and representative relation to the corporation" (cf. Ziembicki v. Mott Improvement Corp., 18 A D 2d 926). Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.·

■ ROSE PEARLSON et al., Respondents, v. ETHEL JAVITZ, Appellant.— In an action by the defendant's three sisters to impress a trust on certain assets in her possession which are alleged to be properly a part of the estate of their deceased father, the defendant appeals from an order of the Supreme Court, Kings County, dated December 21, 1962, which denied her motion to vacate: (1) an inquest taken against her upon her default; and (2) the judgment entered December 4, 1962 on the decision of a Special Referee following such inquest before him. Order affirmed, with $10 costs and disbursements. In our opinion, the default was not "due to mistake, inadvertence, surprise or excusable neglect," but was willful. Hence, the Special Term properly exercised its discretion in denying the motion (cf. Heller v. Ward, 10 A D 2d 633). [For prior appeal from the judgment, see 19 A D 2d 729.] Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.